# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: August 28, 2025

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |
| COLLEEN MARIE MEDLOCK, | * | |
| | * | Special Master Young |
| Petitioner, | * | |
| v. | * | No. 21-915V |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Renee J. Gentry,* Vaccine Injury Clinic, George Washington Univ. Law School, Washington, DC for Petitioner.
*Mary Eileen Holmes*, U.S. Department of Justice, Washington, DC, for Respondent.

## DISMISSAL DECISION[1]

On February 11, 2021, Colleen Marie Medlock ("Petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] Pet., ECF No. 1. Petitioner alleged that the administration of an influenza ("flu") vaccine she received on October 1, 2018, caused her to suffer "a Table Injury of bursitis and impingement syndrome of the right shoulder (Shoulder Injury Related to Vaccine Administration), which was caused-in-fact by the administration of the vaccine." *Id.*

On August 28, 2025, Petitioner filed an unopposed motion for a decision dismissing her petition. ECF No. 43. In her motion, Petitioner conceded that "[a]n investigation of the facts and science has demonstrated to the Petitioner that she will be unable to prove that [s]he is entitled to compensation in the Vaccine Program." *Id.* at 1. She continued, "to proceed any further would be unreasonable and would waste the resources of the Court, the [R]espondent, and the Vaccine Program." *Id.* Petitioner acknowledged judgment will result against her and she intends to elect

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act," "the Act," or "the Program"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

1

to reject judgment to protect her rights to file a civil action in the future. *Id.* at 1–2. Petitioner understood she may file for attorneys' fees and costs once her case is dismissed and judgment is entered. *Id.* at 1. Petitioner acknowledged that Respondent expressly reserves the right to challenge whether this claim was timely filed and to oppose, if appropriate, Petitioner's application for fees and costs. *Id.* at 1–2. Respondent otherwise does not oppose Petitioner's current motion. *Id.* at 2.

To receive compensation under the Program, Petitioner must prove either (1) that she suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to the vaccination, or (2) that she suffered an injury that was caused by a vaccine. *See* §§ 13(a)(1)(A), 11(c)(1). The Chief Special Master issued a ruling dismissing Petitioner's Table claim. ECF No. 38. The record does not contain persuasive evidence that Petitioner's alleged injury was caused by the flu vaccine.

Under the Act, petitioners may not be given a Program award based solely on their claims alone. Rather, the petition must be supported by medical records or the opinion of a competent physician. § 13(a)(1). In this case, the medical records are insufficient to prove Petitioner's claim, and Petitioner has not filed a supportive opinion from an expert witness. Therefore, this case must be **dismissed for insufficient proof. The Clerk shall enter judgment accordingly**.[3]

IT IS SO ORDERED.

/s/ Herbrina D. S. Young
Herbrina D. S. Young
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.